## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**KNOZA CONSULTING, LLC,**
**A Florida Limited Liability Company**

      **Plaintiff,**

                                **CASE NO.:**

**vs.**

**OLSAM GROUP LTD., a Company**
**A U.K. corporation; Oliver Horbye,**
**Individually; and, Sam Horbye, individually**

      **Defendants.**

_____

### PLAINTIFF'S KNOZA, LLC, INC., COMPLAINT

      **PLAINTIFF, KNOZA CONSULTING, LLC (hereinafter "Plaintiff"),** by and through undersigned counsel, sues **DEFENDANTS, OLSAM GROUP, LTD; OLIVER HORBYE, individually, and SAM HORBYE, individually (hereinafter "Defendants")**, (hereinafter Plaintiff and Defendants collectively referred to as "Parties) and alleges as follows:

### JURISDICTION AND PARTIES

1. Plaintiff is a Florida Corporation whose principal place of business is 4557 Old Carriage Trail, Oviedo, Florida 32765. For purposes

1

associated with this complaint, Plaintiff is located in Orange County, Orlando, Florida and is doing business in Orange County, Orlando Florida.

2. Olsam Group, LTD.; is a United Kingdom corporation that does business in the State of Florida and specifically in Orange County, Orlando, Florida.

3. Oliver Horbye is an individual who resides in the United Kingdom and by and through his corporation, Olsam Group, LTD., does business in the State of Florida and specifically in Orange County, Florida.

4. Sam Horbye is an individual who resides in the United Kingdom and by and through his corporation, Olsam Group, LTD., does business in the State of Florida and specifically in Orange County, Florida.

5. All events and contracts associated with this matter took place in Orange County, Orlando, Florida.

6. The amount in controversy exceeds $100,000.00 (one hundred thousand dollars.)

7. This Court has jurisdiction in this matter as a result of diversity jurisdiction" in federal court under 28 U.S.C. § 1332.  The amount

in controversy exceeds $75,000 and Plaintiff is of a different citizenship than all Defendants.

8.  Substantially all of the events pertinent to this Complaint occurred in Orange County, Orlando, Florida.

9.  Venue is proper in this Court because the cause of action made the basis of this Complaint accrued in Orange County, Florida.

10.  Defendants, OLIVER HORBYE and SAM HORBYE, are individuals residing in the United Kingdom who co-own, operate and profit from Olsam Group, LTD.  Defendants, OLIVER HORBYE and SAM HORBYE, are aware of all actions taken by all employees at Olsam Group, LTD and personally advise on all business transactions performed at Olsam Group, LTD.

## **GENERAL ALLEGATIONS**

11.  On or about August 26, 2021, Plaintiff entered into an Introducer Agreement with Defendants setting forth circumstances in which Plaintiff would introduce prospective sellers (of business entities) to Defendants who wished to purchase companies to add to their portfolio of businesses.  *See* Exhibit 1 – August 26, 2021 Introducer Agreement attached hereto and made a part hereof as Exhibit 1 (hereinafter referred to as "First Contract").

3

12.    The Agreement sets forth that Plaintiff shall receive a commission based on the cash purchase price of a business when Defendants completed the purchase transaction.

13.    Plaintiff introduced owners of a online business (hereinafter "Sellers)[1] to Defendants in August 2021.

14.    At the time of the introduction, the Sellers were in discussions with another potential buyer and did not pursue offers or engage in any business transactions with Defendants.

15.    On or about March 10, 2022, Defendants, by and through their authorized representative, Nish Udayakumar, contacted Knoza representative (Adam Schwartz) to negotiate a new Introducer Agreement.  At that time Knoza had knowledge and contact with Sellers and knowledge that Sellers may be potentially interested in pursuing a deal with Defendants.

16.    During the email exchange between Plaintiff and Defendants, the Defendants by and through their authorized representative, agreed that any new Introducer Agreement would be applicable to an introduction to Sellers.  *See* Exhibit 2 - email from Nish Udayakumar

---

[1] Due to the confidential nature of the Asset and Purchase Agreement between Seller and Olsam, the Seller name is being kept confidential and all documents referencing Seller have been redacted to omit Seller name.

to Adam Schwartz dated March 10, 2022 attached hereto and made a part hereof as Exhibit 2.

17.    On or about March 17, 2022, the Parties entered into a new Introducer Agreement.  *See* Exhibit 3 – March 17, 2022 Introducer Agreement attached hereto and made a part hereof as Exhibit 3 (hereinafter referred to as "Second Contract").

18.    The Second Contract, in  section 1.1, sets forth terms that include a definition of who a Prospective Seller would include.   The Prospective Seller includes an individual or company being a prospective seller whom Olsam has not been in bonafide negotiations to enter into a Relevant Contract prior to the introduction of such individual or company by the introducer.

19.    On or about April 27, 2022, Olsam had contact with the Seller via an introduction from Plaintiff.   The representative of Defendants again wrote to Plaintiff via email and confirmed the contact with the Seller as well as reiterated that the new version of the agreement (Second Contract) would be honored for commission on the introduction.   *See* Exhibit 4 – email from representative of Defendants to Plaintiff dated April 27, 2022.

20.    On or about October 28, 2022, Defendants acquired the target business and purchased the assets of the Seller and the company for a purchase price of $13,000,000 guaranteed payments and $2,000,000.00 earnout payments.

21.    On or about November 15, 2022, pursuant to the Second Contract, Plaintiff sent an invoice for payment of commissions to Defendants.  *See* Exhibit 5 – Introducer Fee Agreement Invoice attached hereto and made a part hereof as Exhibit 5.

22.    Defendants have denied payment stating they were introduced to Seller prior to the Second Contract and the Second Contract is inapplicable to any earned commissions by Plaintiff.

23.    Upon information and belief, the Plaintiff believes the Defendants were aware of the Second Contract, and intentionally misled Plaintiff to introduce them to Seller.

24.    Plaintiff has suffered damages as a result of the actions or inactions of the Defendants.

25.    Plaintiff is owed $600,000.00 for the commission on the introduction of Seller to Defendants, costs, attorneys' fees and any other damages as become evident in discovery.

26.    Plaintiff has engaged the undersigned law firm to assist it in this action and is obligated to pay them a reasonable fee for their services in this matter.

27.    All conditions precedent to bringing this action have occurred or have been waived.

## COUNT I – BREACH OF CONTRACT
## (as to Defendant, Olsam Group LTD.)

28.    Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re alleged and set forth in this cause of action.

29.    This is an action by Plaintiff against Defendant, Olsam Group LTD. ("Defendant Olsam") for breach of contract.

30.    An agreement existed between Plaintiff and Defendant Olsam for commission fees due when an introduction of a Seller was made by Plaintiff that resulted in a purchase by Defendant Olsam pursuant to the terms of the Second Contract.

31.    Defendant Olsam failed to honor the agreement and breached the material terms of the Second Contract.

32.    Defendant Olsam, with knowledge of the terms of the Second Contract, and with intent to keep from paying the monies owed to

Plaintiff under the terms of the Second Contract, violated the terms of the Second Contract.

33.    Defendant Olsam intentionally misled the Plaintiff to provide an introduction to a Seller as agreed under the Second Contract.

34.    Defendant Olsam owes the Plaintiff $600,000.00 that is due with interest for the introduction as set forth in the terms of the Second Contract.

**WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Olsam Group Ltd., awarding Plaintiffs monetary damages, interest, costs, and granting such other and further relief as the Court deems just and proper.

## <u>COUNT II – BREACH OF CONTRACT</u>
### <u>(as to Defendant, Oliver Horbye)</u>

35.    Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re alleged and set forth in this cause of action

36.    This is an action by Plaintiff against Defendant, Oliver Horbye ("Defendant Oliver") for breach of contract.

37.    An agreement existed between Plaintiff and Defendant Oliver for commission fees due when an introduction of a Seller was made by Plaintiff that resulted in a purchase by Defendants pursuant to the terms of the Second Contract.

38.    Defendant Oliver failed to honor the agreement and breached the material terms of the Second Contract.

39.    Defendant Oliver, with knowledge of the terms of the Second Contract, and with intent to keep from paying the monies owed to Plaintiff under the terms of the Second Contract, violated the terms of the Second Contract.

40.    Defendant Oliver intentionally misled the Plaintiff to provide an introduction to a Seller as agreed under the Second Contract.

41.    Defendant Oliver owes the Plaintiff $600,000.00 that is due with interest for the introduction as set forth in the terms of the Second Contract.

**WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Oliver Horbye, awarding Plaintiffs monetary damages, interest, costs, and granting such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
## (as to Defendant, Sam Horbye)

42.    Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re alleged and set forth in this cause of action.

43.    This is an action by Plaintiff against Defendant, Sam Horbye ("Defendant Sam") for breach of contract.

44.    An agreement existed between Plaintiff and Defendant Sam for commission fees due when an introduction of a Seller was made by Plaintiff that resulted in a purchase by Defendants pursuant to the terms of the Second Contract.

45.    Defendant Sam failed to honor the agreement and breached the material terms of the Second Contract.

46.    Defendant Sam, with knowledge of the terms of the Second Contract, and with intent to keep from paying the monies owed to Plaintiff under the terms of the Second Contract, violated the terms of the Second Contract.

47.    Defendant Sam intentionally misled the Plaintiff to provide an introduction to a Seller as agreed under the Second Contract.

48.    Defendant Sam owes the Plaintiff $600,000.00 that is due with interest for the introduction as set forth in the terms of the Second Contract.

WHEREFORE, Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Sam Horbye, awarding Plaintiffs monetary damages, interest, costs, and granting such other and further relief as the Court deems just and proper.

## COUNT IV – INTENTIONAL MISREPRESENTATION
### (as to Defendant, Olsam Group, Ltd.)

49.    Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re-alleged and set forth in this cause of action.

50.    This is an action by Plaintiff against Olsam Group, Ltd. ("Defendant Olsam) for intentional misrepresentation.

51.    An agreement existed between the Plaintiff and Defendant Olsam for the Plaintiff to introduce prospective sellers of businesses to Olsam.  Olsam was seeking to purchase new businesses to add to its portfolio of business.

11

52.    The Second Contract set forth an agreement that the Plaintiff would be paid four percent of the purchase price for a business purchased by Defendant Olsam from an entity or person introduced to them by Plaintiff.

53.    Defendant Olsam was introduced to Seller by Plaintiff and the introduction resulted in the purchase of Seller's business by Olsam for fifteen million dollars.

54.    Upon submission of an invoice for the introduction fee, as set forth in the Second Contract, Defendant Olsam refused to pay any monies to Plaintiff.

55.    Defendant Olsam, provided numerous assurances to Plaintiff prior to the introduction of Seller to Olsam, that is would provide Plaintiff with the introduction fee.   However, Defendant Olsam intended to use certain alleged loopholes in the Second Contract to avoid paying.

56.    Defendant Olsam knew when it agreed to pay Plaintiff that a prior agreement (the First Contract) existed, and intended to apply the terms of that contract to the introduction to Seller instead of the Second Contract.

57.    Defendant Olsam provided assurance to Plaintiff that the Second Contract would apply to the introduction to Seller, however, when the deal was completed, then refused to provide payment to Plaintiff indicating to Plaintiff that the Second Contract did not apply to the deal, and the First Contract had a limited time frame within which Plaintiff could claim the introducer fee.

58.    Defendant Olsam with knowledge of the contracts, and intent to not provide payment to Plaintiff, intentionally misled Plaintiff by providing email assurances that the Second Contract would apply to the Seller introduction.

59.    The statements by the Defendant were false and concerned a material fact (i.e. that the Second Contract would apply to the introduction of Seller to Defendants).

60.    Defendant Olsam knew the statements were false when it made the statements to the Plaintiff.

61.    The Defendants, to obtain the introduction to the Seller, intended for the Plaintiff to rely on the statements when it made the false statements to the Plaintiff.

62.    Plaintiff did rely on the statements and introduced the Seller to the Defendants.

63.    Defendants supplied false information to the Plaintiff in the course of the Defendant's business.

64.    Defendants had an economic interest in the business and the transaction.

65.    Defendants were was negligent or intentionally communicated the false information by and through their agents, assigns, or employees.

66.    The Defendants personally benefited from the guidance provided to the Plaintiff by and through the communication of the false information.

67.    The Defendant Olsam owes the Plaintiff $600,000.00 that is due with interest since November 30, 2022.

68.    The Plaintiff has further expended costs and incurred fees as a result of the failure of Defendant Olsam to honor the material terms of the Second Contract.

**WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Olsam Group, Ltd., awarding Plaintiffs monetary damages, interest, costs, attorneys' fees, and granting such other and further relief as the Court deems just and proper.

14

## <u>COUNT V – INTENTIONAL MISREPRESENTATION</u>
### <u>(as to Defendant, Oliver Horbye)</u>

69.    Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re-alleged and set forth in this cause of action.

70.    This is an action by Plaintiff against Oliver Horbye ("Defendant Oliver) for intentional misrepresentation.

71.    An agreement existed between the Plaintiff and Defendant Olsam for the Plaintiff to introduce prospective sellers of businesses to Olsam.  Olsam was seeking to purchase new businesses to add to its portfolio of business.

72.    The Second Contract set forth an agreement that the Plaintiff would be paid four percent of the purchase price for a business purchased by Defendant Olsam from an entity or person introduced to them by Plaintiff.

73.    Defendant Oliver was introduced to Seller by Plaintiff and the introduction resulted in the purchase of Seller's business by Olsam for fifteen million dollars.

74.    Upon submission of an invoice for the introduction fee, as set forth in the Second Contract, Defendant Oliver refused to pay any monies to Plaintiff.

75.    Defendant Oliver, provided numerous assurances to Plaintiff prior to the introduction of Seller to Olsam, that he would provide Plaintiff with the introduction fee.    However, Defendant Oliver intended to use certain alleged loopholes in the Second Contract to avoid paying.

76.    Defendant Oliver knew when he agreed to pay Plaintiff that a prior agreement (the First Contract) existed, and intended to apply the terms of that contract to the introduction to Seller instead of the Second Contract.

77.    Defendant Oliver provided assurance to Plaintiff that the Second Contract would apply to the introduction to Seller, however, when the deal was completed, then refused to provide payment to Plaintiff indicating to Plaintiff that the Second Contract did not apply to the deal, and the First Contract had a limited time frame within which Plaintiff could claim the introducer fee.

78.    Defendant Oliver with knowledge of the contracts, and intent to not provide payment to Plaintiff, intentionally misled Plaintiff by

providing email assurances that the Second Contract would apply to the Seller introduction.

79.    The statements by the Defendant were false and concerned a material fact (i.e. that the Second Contract would apply to the introduction of Seller to Defendants).

80.    Defendant Oliver knew the statements were false when he made the statements to the Plaintiff.

81.    The Defendants, to obtain the introduction to the Seller, intended for the Plaintiff to rely on the statements when it made the false statements to the Plaintiff.

82.    Plaintiff did rely on the statements and introduced the Seller to the Defendants.

83.    Defendants supplied false information to the Plaintiff in the course of the Defendant's business.

84.    Defendants had an economic interest in the business and the transaction.

85.    Defendants were was negligent or intentionally communicated the false information by and through their agents, assigns, or employees.

86.    Defendant Oliver personally benefited from the guidance provided to the Plaintiff by and through the communication of the false information.

87.    Defendant Oliver owes the Plaintiff $600,000.00 that is due with interest since November 30, 2022.

88.    The Plaintiff has further expended costs and incurred fees as a result of the failure of Defendant Oliver to honor the material terms of the Second Contract.

**WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Oliver Horbye, awarding Plaintiffs monetary damages, interest, costs, attorneys' fees, and granting such other and further relief as the Court deems just and proper.

## COUNT VI – INTENTIONAL MISREPRESENTATION
### (as to Defendant, Sam Horbye)

89.    Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re-alleged and set forth in this cause of action.

90.    This is an action by Plaintiff against Sam Horbye ("Defendant Sam) for intentional misrepresentation.

91.    An agreement existed between the Plaintiff and Defendant Olsam for the Plaintiff to introduce prospective sellers of businesses to Olsam.  Olsam was seeking to purchase new businesses to add to its portfolio of business.

92.    The Second Contract set forth an agreement that the Plaintiff would be paid four percent of the purchase price for a business purchased by Defendant Olsam from an entity or person introduced to them by Plaintiff.

93.    Defendant Sam was introduced to Seller by Plaintiff and the introduction resulted in the purchase of Seller's business by Olsam for fifteen million dollars.

94.    Upon submission of an invoice for the introduction fee, as set forth in the Second Contract, Defendant Sam refused to pay any monies to Plaintiff.

95.    Defendant Sam, provided numerous assurances to Plaintiff prior to the introduction of Seller to Olsam, that he would provide Plaintiff with the introduction fee.  However, Defendant Sam intended to use certain alleged loopholes in the Second Contract to avoid paying.

96.    Defendant Sam knew when he agreed to pay Plaintiff that a prior agreement (the First Contract) existed, and intended to apply the

terms of that contract to the introduction to Seller instead of the Second Contract.

97.    Defendant Sam provided assurance to Plaintiff that the Second Contract would apply to the introduction to Seller, however, when the deal was completed, then refused to provide payment to Plaintiff indicating to Plaintiff that the Second Contract did not apply to the deal, and the First Contract had a limited time frame within which Plaintiff could claim the introducer fee.

98.    Defendant Sam with knowledge of the contracts, and intent to not provide payment to Plaintiff, intentionally misled Plaintiff by providing email assurances that the Second Contract would apply to the Seller introduction.

99.    The statements by the Defendant were false and concerned a material fact (i.e. that the Second Contract would apply to the introduction of Seller to Defendants).

100.  Defendant Sam knew the statements were false when he made the statements to the Plaintiff.

101.  The Defendants, to obtain the introduction to the Seller, intended for the Plaintiff to rely on the statements when it made the false statements to the Plaintiff.

102.  Plaintiff did rely on the statements and introduced the Seller to the Defendants.

103.  Defendants supplied false information to the Plaintiff in the course of the Defendant's business.

104.  Defendants had an economic interest in the business and the transaction.

105.  Defendants were was negligent or intentionally communicated the false information by and through their agents, assigns, or employees.

106.  Defendant Oliver personally benefited from the guidance provided to the Plaintiff by and through the communication of the false information.

107.  Defendant Sam owes the Plaintiff $600,000.00 that is due with interest since November 30, 2022.

108.  The Plaintiff has further expended costs and incurred fees as a result of the failure of Defendant Sam to honor the material terms of the Second Contract.

**WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Sam Horbye, awarding Plaintiffs monetary damages, interest,

costs, attorneys' fees, and granting such other and further relief as the Court deems just and proper.

## <u>COUNT VII – NEGLIGENT MISREPRESENTATION</u>
## <u>(as to Defendant, Olsam Group, Ltd.)</u>

109.  Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re- alleged and set forth in this cause of action.

110.  This is an action by Plaintiff against Defendant, Olsam Group Ltd. ("Defendant Olsam"), for Negligent Misrepresentation.

111.  An agreement existed between the Plaintiff and Defendant, Olsam, for the Plaintiff to introduce prospective sellers of businesses to Olsam.  Olsam was seeking to purchase new businesses to add to its portfolio of business.

112.  The Second Contract set forth an agreement that the Plaintiff would be paid four percent of the purchase price for a business purchased by Defendant Olsam from an entity or person introduced to them by Plaintiff.

113.  Defendant Olsam was introduced to Seller by Plaintiff and the introduction resulted in the purchase of Seller's business by Olsam for fifteen million dollars.

114.  Upon submission of an invoice for the introduction fee, as set forth in the Second Contract, Defendant Olsam refused to pay any monies to Plaintiff.

115.  Defendant Olsam, provided numerous assurances to Plaintiff prior to the introduction of Seller to Olsam, that is would provide Plaintiff with the introduction fee.  However, Defendant Olsam has refused to provide any payment to Plaintiff to date.

116.  The Defendant knew, or should have known that the statements made to the Plaintiff that were material to the introduction of Seller to Defendant would be relied upon by Plaintiff; however, Defendant failed, refused, or neglected to inform the Plaintiffs that the statements were incorrect or were not true.

117.  The Defendant with reasonable care, should have known that the Plaintiff would rely on the statements about the Second Contract in its consideration of an introduction of the Seller to Defendants and provided that information to the Plaintiffs.

118.  The failure of the Defendant to provide the Plaintiffs with correct information about reliance upon the Second Contract, negligently misled Plaintiffs to provide Defendants with an introduction to Seller.

119. The statements about the Second Contract by Defendant to Plaintiff were in fact false, and concerned a material fact (i.e. that the Second Contract would apply to the introduction of Seller to Defendants).

120. The Defendants should have known the statements were false when the Defendants made the statements to the Plaintiff.

121. The Defendants intended for the Plaintiff to rely on the false statements in consideration of the introduction of Seller.

122. The Plaintiff did rely on the statements and introduced Seller to Defendants resulting in the Defendants purchasing Seller's business in October, 2022.

123. The Defendants had an economic interest in the business and the transaction.

124. The Defendants were negligent or intentionally communicated the false information by and through their agents, assigns, or employees.

125. The Defendants benefited from the guidance provided to the Plaintiffs by and through the communication of the false information.

126. The Defendant owes the Plaintiff $600,000.00 that is due with interest since November 30, 2022, for the services identified herein.

127.  The Plaintiff has further expended costs and incurred fees as a result of the material breach by Defendants.

WHEREFORE, Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Olsam Group, Ltd., awarding Plaintiffs monetary damages, interest, costs, attorneys' fees, and granting such other and further relief as the Court deems just and proper.

## COUNT VIII – NEGLIGENT MISREPRESENTATION
### (as to Defendant, Oliver Horbye)

128.  Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re- alleged and set forth in this cause of action.

129.  This is an action by Plaintiff against Defendant, Oliver Horbye ("Defendant Oliver"), for Negligent Misrepresentation.

130.  An agreement existed between the Plaintiff and Defendant, Olsam, for the Plaintiff to introduce prospective sellers of businesses to Olsam.  Olsam was seeking to purchase new businesses to add to its portfolio of business.

131.  The Second Contract set forth an agreement that the Plaintiff would be paid four percent of the purchase price for a business

purchased by Defendant Olsam from an entity or person introduced to them by Plaintiff.

132.  Defendant Oliver was introduced to Seller by Plaintiff and the introduction resulted in the purchase of Seller's business by Olsam for fifteen million dollars.

133.  Upon submission of an invoice for the introduction fee, as set forth in the Second Contract, Defendant Oliver refused to pay any monies to Plaintiff.

134.  Defendant Oliver, provided numerous assurances to Plaintiff prior to the introduction of Seller to Olsam, that he would provide Plaintiff with the introduction fee.  However, Defendant Oliver has refused to provide any payment to Plaintiff to date.

135.  The Defendant knew, or should have known that the statements made to the Plaintiff that were material to the introduction of Seller to Defendant would be relied upon by Plaintiff; however, Defendant failed, refused, or neglected to inform the Plaintiffs that the statements were incorrect or were not true.

136.  The Defendant with reasonable care, should have known that the Plaintiff would rely on the statements about the Second Contract in

its consideration of an introduction of the Seller to Defendants and provided that information to the Plaintiffs.

137.  The failure of the Defendant to provide the Plaintiffs with correct information about reliance upon the Second Contract, negligently misled Plaintiffs to provide Defendants with an introduction to Seller.

138.  The statements about the Second Contract by Defendant to Plaintiff were in fact false, and concerned a material fact (i.e. that the Second Contract would apply to the introduction of Seller to Defendants).

139.  The Defendants should have known the statements were false when the Defendants made the statements to the Plaintiff.

140.  The Defendants intended for the Plaintiff to rely on the false statements in consideration of the introduction of Seller.

141.  The Plaintiff did rely on the statements and introduced Seller to Defendants resulting in the Defendants purchasing Seller's business in October, 2022.

142.  The Defendants had an economic interest in the business and the transaction.

143. The Defendants were negligent or intentionally communicated the false information by and through their agents, assigns, or employees.

144. The Defendants benefited from the guidance provided to the Plaintiffs by and through the communication of the false information.

145. The Defendant owes the Plaintiff $600,000.00 that is due with interest since November 30, 2022, for the services identified herein.

146. The Plaintiff has further expended costs and incurred fees as a result of the material breach by Defendants.

**WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Oliver Horbye, awarding Plaintiffs monetary damages, interest, costs, attorneys' fees, and granting such other and further relief as the Court deems just and proper.

## COUNT IX – NEGLIGENT MISREPRESENTATION
### (as to Defendant, Sam Horbye)

147. Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re- alleged and set forth in this cause of action.

148.  This is an action by Plaintiff against Defendant, Sam Horbye ("Defendant Sam"), for Negligent Misrepresentation.

149.  An agreement existed between the Plaintiff and Defendant, Olsam, for the Plaintiff to introduce prospective sellers of businesses to Olsam.  Olsam was seeking to purchase new businesses to add to its portfolio of business.

150.  The Second Contract set forth an agreement that the Plaintiff would be paid four percent of the purchase price for a business purchased by Defendant Olsam from an entity or person introduced to them by Plaintiff.

151.  Defendant Sam was introduced to Seller by Plaintiff and the introduction resulted in the purchase of Seller's business by Olsam for fifteen million dollars.

152.  Upon submission of an invoice for the introduction fee, as set forth in the Second Contract, Defendant Sam refused to pay any monies to Plaintiff.

153.  Defendant Sam, provided numerous assurances to Plaintiff prior to the introduction of Seller to Olsam, that he would provide Plaintiff with the introduction fee.  However, Defendant Sam has refused to provide any payment to Plaintiff to date.

154.  The Defendant knew, or should have known that the statements made to the Plaintiff that were material to the introduction of Seller to Defendant would be relied upon by Plaintiff; however, Defendant failed, refused, or neglected to inform the Plaintiffs that the statements were incorrect or were not true.

155.  The Defendant with reasonable care, should have known that the Plaintiff would rely on the statements about the Second Contract in its consideration of an introduction of the Seller to Defendants and provided that information to the Plaintiffs.

156.  The failure of the Defendant to provide the Plaintiffs with correct information about reliance upon the Second Contract, negligently misled Plaintiffs to provide Defendants with an introduction to Seller.

157.  The statements about the Second Contract by Defendant to Plaintiff were in fact false, and concerned a material fact (i.e. that the Second Contract would apply to the introduction of Seller to Defendants).

158.  The Defendants should have known the statements were false when the Defendants made the statements to the Plaintiff.

159.  The Defendants intended for the Plaintiff to rely on the false statements in consideration of the introduction of Seller.

160.  The Plaintiff did rely on the statements and introduced Seller to Defendants resulting in the Defendants purchasing Seller's business in October, 2022.

161.  The Defendants had an economic interest in the business and the transaction.

162.  The Defendants were negligent or intentionally communicated the false information by and through their agents, assigns, or employees.

163.  The Defendants benefited from the guidance provided to the Plaintiffs by and through the communication of the false information.

164.  The Defendant owes the Plaintiff $600,000.00 that is due with interest since November 30, 2022, for the services identified herein.

165.  The Plaintiff has further expended costs and incurred fees as a result of the material breach by Defendants.

   **WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Sam Horbye, awarding Plaintiffs monetary damages, interest, costs, attorneys' fees, and granting such other and further relief as the Court deems just and proper.

## Count X – Unjust Enrichment
## (as to Defendant, Olsam Group, Ltd.)

166. Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re- alleged and set forth in this cause of action.

167. This is an action by Plaintiffs against Defendant, Olsam Group, Ltd. ("Defendant Olsam"), for Unjust Enrichment.

168. An agreement existed between the Plaintiff and Defendant, Olsam, for the Plaintiff to introduce prospective sellers of businesses to Olsam. Olsam was seeking to purchase new businesses to add to its portfolio of business.

169. The Second Contract set forth an agreement that the Plaintiff would be paid four percent of the purchase price for a business purchased by Defendant Olsam from an entity or person introduced to them by Plaintiff.

170. Defendant Olsam was introduced to Seller by Plaintiff and the introduction resulted in the purchase of Seller's business by Olsam for fifteen million dollars.

171. Upon submission of an invoice for the introduction fee, as set forth in the Second Contract, Defendant Olsam refused to pay any monies to Plaintiff.

172. Defendant Olsam, provided numerous assurances to Plaintiff prior to the introduction of Seller to Olsam, that is would provide Plaintiff with the introduction fee.  However, Defendant Olsam has refused to provide any payment to Plaintiff to date.

173. The Defendant knew that the statements made to the Plaintiff that were material to the introduction of Seller to Defendant would be relied upon by Plaintiff; however, Defendant failed, refused, or neglected to inform the Plaintiffs that the statements were incorrect or were not true.

174. The Defendant knew that the Plaintiff would rely on the statements about the Second Contract in its consideration of an introduction of the Seller to Defendants and provided that information to the Plaintiffs.

175. The failure of the Defendants to provide the Plaintiffs with correct information about reliance upon the Second Contract, misled Plaintiff to provide Defendants with an introduction to Seller.

176. The statements about the Second Contract by Defendants to Plaintiff were in fact false, and concerned a material fact (i.e. that the Second Contract would apply to the introduction of Seller to Defendants).

177.  The Defendants knew the statements were false when the Defendants made the statements to the Plaintiff.

178.  The Defendants intended for the Plaintiff to rely on the false statements in consideration of the introduction of Seller.

179.  The Plaintiff did rely on the statements and introduced Seller to Defendants resulting in the Defendants purchasing Seller's business in October, 2022.

180.  The Defendants had an economic interest in the business and the transaction.

181.  The Defendants intentionally communicated the false information by and through their agents, assigns, or employees.

182.  The Defendants benefited from the guidance provided to the Plaintiff by and through the communication of the false information.

183.  Defendants owe the Plaintiff $600,000.00 that is due with interest since November 30, 2022, for the services identified herein.

184.  Plaintiffs conferred a benefit on the Defendants.

185.  The Defendants voluntarily accepted and retained the introducer fee due under the Second Contract.

186.  The circumstances render the retention of the introducer fee by the Defendants inequitable.

187. The Defendant was unjustly enriched at the expense of the Plaintiff in the course of the Defendant's business.

188. The Defendant had an economic interest in the business and the transaction.

189. The Defendant personally benefited from the unjust enrichment.

190. Plaintiffs are entitled to damages as a result of Defendant's unjust enrichment, including the disgorgement of all monies unlawfully retained by Defendant due to Plaintiff.

191. The Plaintiff has further expended costs and incurred fees as a result of this claim.

**WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Sam Horbye, awarding Plaintiffs monetary damages, interest, costs, attorneys' fees, and granting such other and further relief as the Court deems just and proper.

### Count XI – Unjust Enrichment
### (as to Defendant, Oliver Horbye)

192. Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re- alleged and set forth in this cause of action.

193.  This is an action by Plaintiffs against Defendant, Oliver Horbye ("Defendant Oliver"), for Unjust Enrichment.

194.  An agreement existed between the Plaintiff and Defendant, Olsam, for the Plaintiff to introduce prospective sellers of businesses to Olsam.  Olsam was seeking to purchase new businesses to add to its portfolio of business.

195.  The Second Contract set forth an agreement that the Plaintiff would be paid four percent of the purchase price for a business purchased by Defendant Oliver from an entity or person introduced to them by Plaintiff.

196.  Defendant Oliver was introduced to Seller by Plaintiff and the introduction resulted in the purchase of Seller's business by Olsam for fifteen million dollars.

197.  Upon submission of an invoice for the introduction fee, as set forth in the Second Contract, Defendant Oliver refused to pay any monies to Plaintiff.

198.  Defendant Oliver, provided numerous assurances to Plaintiff prior to the introduction of Seller to Olsam, that he would provide Plaintiff with the introduction fee.  However, Defendant Oliver has refused to provide any payment to Plaintiff to date.

199.  The Defendant knew that the statements made to the Plaintiff that were material to the introduction of Seller to Defendant would be relied upon by Plaintiff; however, Defendant failed, refused, or neglected to inform the Plaintiffs that the statements were incorrect or were not true.

200.  The Defendant knew that the Plaintiff would rely on the statements about the Second Contract in its consideration of an introduction of the Seller to Defendants and provided that information to the Plaintiffs.

201.  The failure of the Defendants to provide the Plaintiffs with correct information about reliance upon the Second Contract, misled Plaintiff to provide Defendants with an introduction to Seller.

202.  The statements about the Second Contract by Defendants to Plaintiff were in fact false, and concerned a material fact (i.e. that the Second Contract would apply to the introduction of Seller to Defendants).

203.  The Defendants knew the statements were false when the Defendants made the statements to the Plaintiff.

204.  The Defendants intended for the Plaintiff to rely on the false statements in consideration of the introduction of Seller.

205.  The Plaintiff did rely on the statements and introduced Seller to Defendants resulting in the Defendants purchasing Seller's business in October, 2022.

206.  The Defendants had an economic interest in the business and the transaction.

207.  The Defendants intentionally communicated the false information by and through their agents, assigns, or employees.

208.  The Defendants benefited from the guidance provided to the Plaintiff by and through the communication of the false information.

209.  Defendants owe the Plaintiff $600,000.00 that is due with interest since November 30, 2022, for the services identified herein.

210.  Plaintiffs conferred a benefit on the Defendants.

211.  The Defendants voluntarily accepted and retained the introducer fee due under the Second Contract.

212.  The circumstances render the retention of the introducer fee by the Defendants inequitable.

213.  The Defendant was unjustly enriched at the expense of the Plaintiff in the course of the Defendant's business.

214.  The Defendant had an economic interest in the business and the transaction.

215.  The Defendant personally benefited from the unjust enrichment.

216.  Plaintiffs are entitled to damages as a result of Defendant's unjust enrichment, including the disgorgement of all monies unlawfully retained by Defendant due to Plaintiff.

217.  The Plaintiff has further expended costs and incurred fees as a result of this claim.

**WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Oliver Horbye, awarding Plaintiffs monetary damages, interest, costs, attorneys' fees, and granting such other and further relief as the Court deems just and proper.

## Count XII – Unjust Enrichment
## (as to Defendant, Sam Horbye)

218.  Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re- alleged and set forth in this cause of action.

219.  This is an action by Plaintiffs against Defendant, Sam Horbye ("Defendant Sam"), for Unjust Enrichment.

220.  An agreement existed between the Plaintiff and Defendant, Olsam, for the Plaintiff to introduce prospective sellers of

businesses to Olsam.   Olsam was seeking to purchase new businesses to add to its portfolio of business.

221.  The Second Contract set forth an agreement that the Plaintiff would be paid four percent of the purchase price for a business purchased by Defendant Sam from an entity or person introduced to them by Plaintiff.

222.  Defendant Sam was introduced to Seller by Plaintiff and the introduction resulted in the purchase of Seller's business by Olsam for fifteen million dollars.

223.  Upon submission of an invoice for the introduction fee, as set forth in the Second Contract, Defendant Sam refused to pay any monies to Plaintiff.

224.  Defendant Sam, provided numerous assurances to Plaintiff prior to the introduction of Seller to Olsam, that he would provide Plaintiff with the introduction fee.  However, Defendant Sam has refused to provide any payment to Plaintiff to date.

225.  The Defendant knew that the statements made to the Plaintiff that were material to the introduction of Seller to Defendant would be relied upon by Plaintiff; however, Defendant failed, refused, or

neglected to inform the Plaintiffs that the statements were incorrect or were not true.

226. The Defendant knew that the Plaintiff would rely on the statements about the Second Contract in its consideration of an introduction of the Seller to Defendants and provided that information to the Plaintiffs.

227. The failure of the Defendants to provide the Plaintiffs with correct information about reliance upon the Second Contract, misled Plaintiff to provide Defendants with an introduction to Seller.

228. The statements about the Second Contract by Defendants to Plaintiff were in fact false, and concerned a material fact (i.e. that the Second Contract would apply to the introduction of Seller to Defendants).

229. The Defendants knew the statements were false when the Defendants made the statements to the Plaintiff.

230. The Defendants intended for the Plaintiff to rely on the false statements in consideration of the introduction of Seller.

231. The Plaintiff did rely on the statements and introduced Seller to Defendants resulting in the Defendants purchasing Seller's business in October, 2022.

232.  The Defendants had an economic interest in the business and the transaction.

233.  The Defendants intentionally communicated the false information by and through their agents, assigns, or employees.

234.  The Defendants benefited from the guidance provided to the Plaintiff by and through the communication of the false information.

235.  Defendants owe the Plaintiff $600,000.00 that is due with interest since November 30, 2022, for the services identified herein.

236.  Plaintiffs conferred a benefit on the Defendants.

237.  The Defendants voluntarily accepted and retained the introducer fee due under the Second Contract.

238.  The circumstances render the retention of the introducer fee by the Defendants inequitable.

239.  The Defendant was unjustly enriched at the expense of the Plaintiff in the course of the Defendant's business.

240.  The Defendant had an economic interest in the business and the transaction.

241.  The Defendant personally benefited from the unjust enrichment.

242.  Plaintiffs are entitled to damages as a result of Defendant's unjust enrichment, including the disgorgement of all monies unlawfully retained by Defendant due to Plaintiff.

243.  The Plaintiff has further expended costs and incurred fees as a result of this claim.

**WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Sam Horbye, awarding Plaintiffs monetary damages, interest, costs, attorneys' fees, and granting such other and further relief as the Court deems just and

## Count XIII – Fraudulent Inducement
### (as to Defendant, Oliver Horbye)

244.  Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re- alleged and set forth in this cause of action.

245.  This is an action by Plaintiff against Defendant, Oliver Horbye ("Defendant Oliver") for Fraudulent Inducement.

246.  Oliver Horbye personally and individually was aware of all actions taken on his behalf, and for his benefit, by employees, agents or assigns of Olsam Group, Ltd.  Oliver Horbye directed the

actions of those employees, agents or assigns including the misrepresentations sought herein.

247.  An agreement existed between the Plaintiff and Defendant, for the Plaintiff to introduce prospective sellers of businesses to Olsam. Olsam was seeking to purchase new businesses to add to its portfolio of business.

248.  The Second Contract set forth an agreement that the Plaintiff would be paid four percent of the purchase price for a business purchased by Defendant Olsam from an entity or person introduced to them by Plaintiff.

249.  Defendant Olsam was introduced to Seller by Plaintiff and the introduction resulted in the purchase of Seller's business by Olsam for fifteen million dollars.

250.  Upon submission of an invoice for the introduction fee, as set forth in the Second Contract, Defendants refused to pay any monies to Plaintiff.

251.  Defendant Oliver, by and through his employees, agents oir assigns, provided numerous assurances to Plaintiff prior to the introduction of Seller to Olsam, that Olsam would provide Plaintiff

with the introduction fee.  However, Defendant Olsam has refused to provide any payment to Plaintiff to date.

252.  The Defendant knew that the statements made to the Plaintiff that were material to the introduction of Seller to Defendant would be relied upon by Plaintiff; however, Defendant failed, refused, or neglected to inform the Plaintiffs that the statements were incorrect or were not true.

253.  The Defendant knew that the Plaintiff would rely on the statements about the Second Contract in its consideration of an introduction of the Seller to Defendants and provided that information to the Plaintiffs.

254.  The failure of the Defendants to provide the Plaintiffs with correct information about reliance upon the Second Contract, misled Plaintiff to provide Defendants with an introduction to Seller.

255.  The statements about the Second Contract by Defendants to Plaintiff were in fact false, and concerned a material fact (i.e. that the Second Contract would apply to the introduction of Seller to Defendants).

256.  The Defendants knew the statements were false when the Defendants made the statements to the Plaintiff.

257.  The Defendants intended for the Plaintiff to rely on the false statements in consideration of the introduction of Seller.

258.  The Plaintiff did rely on the statements and introduced Seller to Defendants resulting in the Defendants purchasing Seller's business in October, 2022.

259.  The Defendants had an economic interest in the business and the transaction.

260.  The Defendants intentionally communicated the false information by and through their agents, assigns, or employees.

261.  The Defendants benefited from the guidance provided to the Plaintiff by and through the communication of the false information.

262.  Defendants owe the Plaintiff $600,000.00 that is due with interest since November 30, 2022, for the services identified herein.

263.  The Defendant supplied false information to the Plaintiff in the course of the Defendant's business.

264.  The Defendant had an economic interest in the business and the transaction.

265.  The Defendant was negligent or intentionally communicated the false information by and through his agents, assigns, or employees.

266.  The Defendant personally benefited from the guidance provided to the Plaintiff by and through the communication of the false information.

267.  The Plaintiffs have further expended costs and incurred fees as a result of this claim.

**WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Oliver Horbye, awarding Plaintiffs monetary damages, interest, costs, attorneys' fees, and granting such other and further relief as the Court deems just and proper.

## Count XIV – Fraudulent Inducement
## (as to Defendant, Sam Horbye)

268.  Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 27 as though fully re- alleged and set forth in this cause of action.

269.  This is an action by Plaintiff against Defendant, Sam Horbye ("Defendant Sam") for Fraudulent Inducement.

270.  Sam Horbye personally and individually was aware of all actions taken on his behalf, and for his benefit, by employees, agents or assigns of Olsam Group, Ltd.  Sam Horbye directed the actions of

those employees, agents or assigns including the misrepresentations sought herein.

271. An agreement existed between the Plaintiff and Defendant, for the Plaintiff to introduce prospective sellers of businesses to Olsam. Olsam was seeking to purchase new businesses to add to its portfolio of business.

272. The Second Contract set forth an agreement that the Plaintiff would be paid four percent of the purchase price for a business purchased by Defendant Olsam from an entity or person introduced to them by Plaintiff.

273. Defendant Olsam was introduced to Seller by Plaintiff and the introduction resulted in the purchase of Seller's business by Olsam for fifteen million dollars.

274. Upon submission of an invoice for the introduction fee, as set forth in the Second Contract, Defendants refused to pay any monies to Plaintiff.

275. Defendant Sam, by and through his employees, agents oir assigns, provided numerous assurances to Plaintiff prior to the introduction of Seller to Olsam, that Olsam would provide Plaintiff

with the introduction fee.  However, Defendant Olsam has refused to provide any payment to Plaintiff to date.

276.  The Defendant knew that the statements made to the Plaintiff that were material to the introduction of Seller to Defendant would be relied upon by Plaintiff; however, Defendant failed, refused, or neglected to inform the Plaintiffs that the statements were incorrect or were not true.

277.  The Defendant knew that the Plaintiff would rely on the statements about the Second Contract in its consideration of an introduction of the Seller to Defendants and provided that information to the Plaintiffs.

278.  The failure of the Defendants to provide the Plaintiffs with correct information about reliance upon the Second Contract, misled Plaintiff to provide Defendants with an introduction to Seller.

279.  The statements about the Second Contract by Defendants to Plaintiff were in fact false, and concerned a material fact (i.e. that the Second Contract would apply to the introduction of Seller to Defendants).

280.  The Defendants knew the statements were false when the Defendants made the statements to the Plaintiff.

281. The Defendants intended for the Plaintiff to rely on the false statements in consideration of the introduction of Seller.

282. The Plaintiff did rely on the statements and introduced Seller to Defendants resulting in the Defendants purchasing Seller's business in October, 2022.

283. The Defendants had an economic interest in the business and the transaction.

284. The Defendants intentionally communicated the false information by and through their agents, assigns, or employees.

285. The Defendants benefited from the guidance provided to the Plaintiff by and through the communication of the false information.

286. Defendants owe the Plaintiff $600,000.00 that is due with interest since November 30, 2022, for the services identified herein.

287. The Defendant supplied false information to the Plaintiff in the course of the Defendant's business.

288. The Defendant had an economic interest in the business and the transaction.

289. The Defendant was negligent or intentionally communicated the false information by and through his agents, assigns, or employees.

290.  The Defendant personally benefited from the guidance provided to the Plaintiff by and through the communication of the false information.

291.  The Plaintiffs have further expended costs and incurred fees as a result of this claim.

**WHEREFORE,** Plaintiff, Knoza Consulting, LLC, respectfully request this Honorable Court enter judgment in their favor against Defendant, Sam Horbye, awarding Plaintiffs monetary damages, interest, costs, attorneys' fees, and granting such other and further relief as the Court deems just

## JURY TRIAL DEMAND

The Plaintiffs request a jury trial on all issues so triable.

Dated this _ day of June, 2023.

MARVIN RANNELLS, P.A.

By:*/s/ Marvin Rannells*
**MARVIN RANNELLS**
Fla. Bar No:  0068652
mrannells@rannells-law.com
MARVIN RANNELLS, PA
5415 Lake Howell Road, Suite 180
Orlando, FL 32792
(689) 249-4460 (Office)
*Attorney for Plaintiffs*

*Exhibit 1*

## INTRODUCER AGREEMENT

**THIS AGREEMENT** is dated **August 26, 2021**

**PARTIES**

(1)  **OLSAM GROUP LIMITED** incorporated and registered in England and Wales with company number 12587022 whose registered office is at Labs House, Bloomsbury Way, London, England, WC1A 2TH (**Olsam**).

(2)  **Knoza Consulting** an LLC registered in the United States whose registered office is in Florida (**Introducer**).

**BACKGROUND**

(A)  The Introducer has clients that operate private label ecommerce businesses which Olsam may be interested in acquiring.

(B)  Olsam wishes to be introduced to such clients and is willing to pay the Introducer a commission on the terms of this agreement.

(C)  The Introducer is willing to introduce its clients to Olsam in return for commission as specified in this agreement.

**AGREED TERMS**

1.    **INTERPRETATION**
      The following definitions and rules of interpretation apply in this agreement.

1.1   Definitions:
      **Business Day:** a day other than a Saturday, Sunday or public holiday in England when banks in London are open for business.
      **Commission:** the lesser of:

      (a)  2% of the Cash Purchase Price; and

      (b)  US$250,000.

      **Introduction:** the provision to Olsam of the contact details of, and the introduction to, a Prospective Seller and **Introduce, Introduces,** and **Introduced** shall be interpreted accordingly.
      **Cash Purchase Price:** the purchase consideration paid in cash excluding any Balance Sheet adjustments (which reflect the transfer of working capital ownership) by Olsam on the date the Relevant Contract in question is entered into and completed.
      **Prospective Seller:** an individual or company whom Olsam has not at any time consummated a transaction with pursuant to the terms of a Relevant Contract or with whom Olsam has not been in bona fide negotiations to enter into a Relevant Contract prior to the Introduction of such individual or company by the Introducer.
      **Relevant Contract:** an unconditional contract entered into by Olsam (or any of its subsidiaries) relating to the acquisition of:

      (a)  the business and assets of a Prospective Seller that is a company; or

      (a)  the entire issued share capital of a Prospective Seller that is an individual.

2.    **COMMISSION AND PAYMENT**

2.1    Olsam appoints the Introducer on a non-exclusive basis to identify Prospective Sellers for Olsam and to make Introductions of such persons on the terms of this agreement.

2.2    The Introducer shall be entitled to Commission if a Prospective Seller Introduced by the Introducer enters into a Relevant Contract within 12 months of the date of such Introduction (**Consummated Transaction**).

2.3    In respect of each Consummated Transaction, Olsam shall notify the Introducer in writing of the following:

2.3.1    the date it enters into the Relevant Contract;

2.3.2    the Cash Purchase Price under the Relevant Contract; and

2.3.3    the Commission payable to the Introducer in relation to the Relevant Contract.

2.4    The Introducer shall invoice Olsam for the Commission payable in accordance with Olsam's statement submitted pursuant to clause 2.3, together with any applicable VAT, and the due date for payment by Olsam of such Commission shall be 20 Business Days from date of receipt of the invoice in question.

2.5    Commission shall be payable to the Introducer in pounds sterling.

2.6    All sums payable under this agreement:

2.6.1    are exclusive of value added tax or other applicable sales tax, which shall be added to the sum in question;

2.6.2    shall be paid in full without any deductions (including deductions in respect of items such as income, corporation, or other taxes, charges and/or duties) except where the payer is required by law to deduct withholding tax from sums payable to the payee. If the payer is required by law to deduct withholding tax, then the payer and the payee shall co-operate in all respects and take all reasonable steps necessary to:

(a)    lawfully avoid making any such deductions; or

(b)    enable the payee to obtain a tax credit in respect of the amount withheld.

2.7    Each party shall bear their own expenses in relation to this Agreement and the performance thereof.

2.8    The Introducer shall not during the term of this agreement, perform duties similar to making Introductions on behalf of any person to Prospective Sellers, without the prior written consent of Olsam.

2.9    The Introducer shall not:

2.9.1    have any authority, and shall not hold itself out, or permit any person to hold itself out, or otherwise create the impression and/or do any act which might reasonably create the impression that it is authorised to bind Olsam in any way; or

2.9.2    make or enter into any contracts or commitments or incur any liability for or on behalf of Olsam, and shall not negotiate any terms of any potential Relevant Contracts with Prospective Sellers.

3.    **CONFIDENTIALITY**

3.1    Each party undertakes that it shall not at any time during this agreement, and for a period of five years after termination of this agreement, disclose to any person any confidential information concerning the business, affairs, customers, clients or suppliers of the other party or of any member of the group of companies to which the other party belongs, except as permitted by clause 3.2.

3.2    Each party may disclose the other party's confidential information:

2

3.2.1     to its employees, officers, representatives or advisers who need to know such information for the purposes of carrying out the party's obligations under this agreement. Each party shall procure that its employees, officers, representatives or advisers to whom it discloses the other party's confidential information comply with this clause 3; and

3.2.2     as may be required by law, a court of competent jurisdiction or any governmental or regulatory authority.

3.3     No party shall use any other party's confidential information for any purpose other than to perform its obligations under this agreement.

3.4     All documents and other records (in whatever form) containing confidential information supplied to or acquired by the Introducer from Olsam shall be returned promptly to Olsam on termination of this agreement, and no copies shall be kept, whether digitally or otherwise.

**4.     COMPLIANCE**

4.1     Each party shall at its own expense comply with:

4.1.1     all laws and regulations relating to its activities under this agreement, including (but not limited to):

       (a)     all applicable laws, statutes, regulations and codes relating to anti-bribery and anti-corruption, including but not limited to the Bribery Act 2010;

       (b)     all applicable data protection and privacy legislation in force from time to time in the UK including the retained EU law version of the General Data Protection Regulation ((EU) 2016/679) (UK GDPR); the Data Protection Act 2018 (DPA 2018) (and regulations made thereunder) and the Privacy and Electronic Communications Regulations 2003 (SI 2003/2426) as amended; and

4.1.2     any conditions binding on it in any applicable licences, registrations, permits and approvals.

**5.     LIMITATION OF LIABILITY**

5.1     Nothing in this agreement shall limit or exclude the liability of either party for any matter in respect of which it would be unlawful to exclude or restrict liability.

5.2     Subject to clause 5.1 above, neither party shall under any circumstances be liable to the other, whether in contract, tort (including negligence), breach of statutory duty, or otherwise, for any loss of profit, sales, revenue, or business, loss of anticipated savings, loss of or damage to goodwill, loss of agreements or contracts, loss of use or corruption of software, data or information, any loss arising out of the lawful termination of this agreement or any decision not to renew its term or any loss that is an indirect or secondary consequence of any act or omission of the party in question.

5.3     Subject to clauses 5.1 and 5.2 above, the total aggregate liability of a party to the other party for the entire term of this agreement, in respect of all other loss or damage arising under or in connection with this agreement, whether in contract, tort (including negligence), breach of statutory duty, or otherwise, shall in no circumstances exceed the total Commission paid or payable in the twelve months immediately prior to the events giving rise to the liability.

**6.     COMMENCEMENT, DURATION & TERMINATION**

6.1     This agreement shall commence on the date when it has been signed by all the parties and shall continue, unless terminated earlier in accordance with this clause 6, until either party gives to the other party one month's written notice to terminate.

6.2     Without affecting any other right or remedy available to it, either party may terminate this agreement with immediate effect by giving written notice to the other party if that other party is

3

subject to any insolvency event, winding up order or the appointment of an administrator, administrative receiver.

6.3    Termination of this agreement shall not affect any rights, remedies, obligations or liabilities of the parties that have accrued up to the date of termination.

**7.    OTHER TERMS**

7.1    Nothing in this agreement is intended to, or shall be deemed to, establish any partnership or joint venture between any of the parties, constitute any party the agent of another party, or authorise any party to make or enter into any commitments for or on behalf of any other party. Each party confirms it is acting on its own behalf and not for the benefit of any other person.

7.2    This agreement constitutes the entire agreement between the parties and supersedes and extinguishes all previous agreements, promises, assurances, warranties, representations and understandings between them, whether written or oral, relating to its subject matter. Each party agrees that it shall have no remedies in respect of any statement, representation, assurance or warranty (whether made innocently or negligently) that is not set out in this agreement. Each party agrees that it shall have no claim for innocent or negligent misrepresentation or negligent misstatement based on any statement in this agreement.

7.3    No variation of this agreement shall be effective unless it is in writing and signed by the parties (or their authorised representatives).

7.4    This agreement is personal to the parties and neither party shall assign, transfer, mortgage, charge, subcontract, declare a trust over or deal in any other manner with any of its rights and obligations under this agreement.

7.5    No failure or delay by a party to exercise any right or remedy provided under this agreement or by law shall constitute a waiver of that or any other right or remedy, nor shall it prevent or restrict the further exercise of that or any other right or remedy. No single or partial exercise of such right or remedy shall prevent or restrict the further exercise of that or any other right or remedy.

7.6    If any provision or part-provision of this agreement is or becomes invalid, illegal or unenforceable, it shall be deemed deleted, but that shall not affect the validity and enforceability of the rest of this agreement. If any provision or part-provision of this agreement is deemed deleted under this clause 7.6, the parties shall negotiate in good faith to agree a replacement provision that, to the greatest extent possible, achieves the intended commercial result of the original provision.

7.7    No one other than a party to this agreement, their successors and permitted assignees, shall have any right to enforce any of its terms.

7.8    This agreement and any dispute or claim arising out of or in connection with it or its subject matter or formation (including non-contractual disputes or claims) shall be governed by and construed in accordance with the law of England and Wales. Each party irrevocably agrees that the courts of England and Wales shall have exclusive jurisdiction to settle any dispute or claim arising out of or in connection with this agreement or its subject matter or formation (including non-contractual disputes or claims).

This agreement has been entered into on the date stated at the beginning of it.

*[Signature page follows]*

4

Signed by a director for and
on behalf of **OLSAM GROUP
LIMITED**

_____
**Director's Signature**


Sam Horbye
**Print Name**



Signed by a partner for and
on behalf of Knoza
Consulting

_Adam Schwartz_

_____
**Partner's Signature**


Adam Schwartz
**Print Name**

5

**To:** Allen Kupetz <allen@knoza.com>
**Subject:** Fwd: RE: Knoza & Referral Agreements

*Exhibit 2*

The agreement for you to review

---------- Forwarded message ----------
**From:** Nish Udayakumar <nish@olsamgroup.com>
**Date:** Thursday, March 10 2022 at 3:46 AM EST
**Subject:** RE: Knoza & Referral Agreements
**To:** Adam Schwartz <adam@knoza.com>

Hi Adam,

Sorry for my delayed reply here – I've been travelling since beginning of last week for events, most of March is on the road!

Great that you'll be at Prosper, I'd love to meet while we're there – shall we do day 1? Do you also have the Prosper networking app, I can't seem to find you in there? If easier, please drop me a message / Whatsapp on +447949696231 and we can setup on there.

Regarding referral agreements, please see attached our updated agreement – let me know if you have any issues / questions here and I can share via Docusign. I appreciate your offer to share the businesses with us on good faith, we will of course honor the updated agreement if you do share before signing.

Looking forward to meeting in person at Prosper.

Thanks,

Nish

*Exhibit 3*

**INTRODUCER AGREEMENT**

**THIS AGREEMENT** is dated **March 17, 2022**

**PARTIES**

(1)     **OLSAM GROUP LIMITED** incorporated and registered in England and Wales with company number 12587022 whose registered office is at Labs House, Bloomsbury Way, London, England, WC1A 2TH (**Olsam**).

(2)     Knoza Consulting LLC incorporated and registered in the United States whose registered office is 4557 Old Carriage Trl  Oviedo, FL 32765 (**Introducer**).

**BACKGROUND**

(A)     The Introducer has clients that operate private label ecommerce businesses which Olsam may be interested in acquiring.

(B)     Olsam wishes to be introduced to such clients and is willing to pay the Introducer a commission on the terms of this agreement.

(C)     The Introducer is willing to introduce its clients to Olsam in return for commission as specified in this agreement.

**AGREED TERMS**

1.      **INTERPRETATION**
        The following definitions and rules of interpretation apply in this agreement.

1.1     Definitions:
        **Broker**: means any person, company, firm or other entity engaging in the business of soliciting, organizing, facilitating, negotiating, executing and/or effecting transactions in connection with the sale of a Target in exchange for a fee, commission or other benefit.
        **Business Day:** a day other than a Saturday, Sunday or public holiday in England when banks in London are open for business.
        **Commission:** 4% of the Cash Purchase Price
        **Introduction:** the provision to Olsam of the contact details of, and the introduction to, a Prospective Seller and **Introduce, Introduces,** and **Introduced** shall be interpreted accordingly.
        **Cash Purchase Price:** the purchase consideration paid in cash excluding any Balance Sheet adjustments (which reflect the transfer of working capital ownership) by Olsam on the date the Relevant Contract in question is entered into and completed.
        **Group:** in relation to a company, that company, any subsidiary  or any holding company from time to time of that company, and any subsidiary from time to time of a holding company  of that company. Each company in a Group is a **member of the Group**.
        **Prospective Seller:** an individual or company being a prospective seller whom Olsam has not:

        (a)    at any time consummated a transaction with pursuant to the terms of a Relevant Contract;

        (b)    been in bona fide negotiations to enter into a Relevant Contract prior to the Introduction of such individual or company by the Introducer;  or

        (c)    had any contact with (via written (including email) or verbal means of communication) prior to the Introduction of such individual or company by the Introducer.

1

**Relevant Contract:** an unconditional contract entered into by Olsam (or any of its subsidiaries) relating to the acquisition of a Target.

**Target:** means:

a)    the business and assets of a Prospective Seller that is a company; or

b)    the issued share capital in a Trading Company.

**Trading Company**: means a trading company belonging to a Prospective Seller that is an individual.

2.    **COMMISSION AND PAYMENT**

2.1    Olsam appoints the Introducer on a non-exclusive basis to identify Prospective Sellers for Olsam and to make Introductions of such persons on the terms of this agreement.

2.2    At all times subject to clauses 2.10 and 2.11, the Introducer shall be entitled to Commission if a Prospective Seller Introduced by the Introducer enters into a Relevant Contract within twenty-four (24) months of the date of such Introduction (**Consummated Transaction**).

2.3    In respect of each Consummated Transaction, Olsam shall notify the Introducer in writing of the following:

2.3.1    the date it enters into the Relevant Contract;

2.3.2    the Cash Purchase Price under the Relevant Contract; and

2.3.3    the Commission payable to the Introducer in relation to the Relevant Contract.

2.4    The Introducer shall invoice Olsam for the Commission payable in accordance with Olsam's statement submitted pursuant to clause 2.3, together with any applicable VAT, and the due date for payment by Olsam of such Commission shall be 20 Business Days from date of receipt of the invoice in question.

2.5    Commission shall be payable to the Introducer in U.S. dollars (US$).

2.6    All sums payable under this agreement:

2.6.1    are exclusive of value added tax or other applicable sales tax, which shall be added to the sum in question;

2.6.2    shall be paid in full without any deductions (including deductions in respect of items such as income, corporation, or other taxes, charges and/or duties) except where the payer is required by law to deduct withholding tax from sums payable to the payee. If the payer is required by law to deduct withholding tax, then the payer and the payee shall co-operate in all respects and take all reasonable steps necessary to:

(a)    lawfully avoid making any such deductions; or

(b)    enable the payee to obtain a tax credit in respect of the amount withheld.

2.7    Each party shall bear their own expenses in relation to this Agreement and the performance thereof.

2.8    The Introducer shall not during the term of this agreement, perform duties similar to making Introductions on behalf of any person to Prospective Sellers, without the prior written consent of Olsam.

2.9    The Introducer shall not:

2.9.1    have any authority, and shall not hold itself out, or permit any person to hold itself out, or otherwise create the impression and/or do any act which might reasonably create the impression that it is authorised to bind Olsam in any way; or

2.9.2    make or enter into any contracts or commitments or incur any liability for or on behalf of Olsam, and shall not negotiate any terms of any potential Relevant Contracts with Prospective Sellers.

2

2.10    The Introducer shall not be entitled to receive a Commission or any part thereof to the extent that an Introduction relates to the potential acquisition of a Target whereby:

2.10.1    the Prospective Seller; and/or

2.10.2    the Trading Company or any member of its Group,

has engaged a Broker.

2.11    For the avoidance of doubt, the Introducer shall not be entitled to receive a Commission or any part thereof to the extent that Olsam has had any contact (via written (including email) or verbal means of communication) with the individual or company that is the subject of any introduction to Olsam, prior to the date of that introduction by the Introducer.

3.    **CONFIDENTIALITY**

3.1    Each party undertakes that it shall not at any time during this agreement, and for a period of five years after termination of this agreement, disclose to any person any confidential information concerning the business, affairs, customers, clients or suppliers of the other party or of any member of the group of companies to which the other party belongs, except as permitted by clause 3.2.

3.2    Each party may disclose the other party's confidential information:

3.2.1    to its employees, officers, representatives or advisers who need to know such information for the purposes of carrying out the party's obligations under this agreement. Each party shall procure that its employees, officers, representatives or advisers to whom it discloses the other party's confidential information comply with this clause 3; and

3.2.2    as may be required by law, a court of competent jurisdiction or any governmental or regulatory authority.

3.3    No party shall use any other party's confidential information for any purpose other than to perform its obligations under this agreement.

3.4    All documents and other records (in whatever form) containing confidential information supplied to or acquired by the Introducer from Olsam shall be returned promptly to Olsam on termination of this agreement, and no copies shall be kept, whether digitally or otherwise.

4.    **COMPLIANCE**

4.1    Each party shall at its own expense comply with:

4.1.1    all laws and regulations relating to its activities under this agreement, including (but not limited to):

(a)    all applicable laws, statutes, regulations and codes relating to anti-bribery and anti-corruption, including but not limited to the Bribery Act 2010;

(b)    all applicable data protection and privacy legislation in force from time to time in the UK including the retained EU law version of the General Data Protection Regulation ((EU) 2016/679) (UK GDPR); the Data Protection Act 2018 (DPA 2018) (and regulations made thereunder) and the Privacy and Electronic Communications Regulations 2003 (SI 2003/2426) as amended; and

4.1.2    any conditions binding on it in any applicable licences, registrations, permits and approvals.

5.    **LIMITATION OF LIABILITY**

5.1    Nothing in this agreement shall limit or exclude the liability of either party for any matter in respect of which it would be unlawful to exclude or restrict liability.

3

5.2 Subject to clause 5.1 above, neither party shall under any circumstances be liable to the other, whether in contract, tort (including negligence), breach of statutory duty, or otherwise, for any loss of profit, sales, revenue, or business, loss of anticipated savings, loss of or damage to goodwill, loss of agreements or contracts, loss of use or corruption of software, data or information, any loss arising out of the lawful termination of this agreement or any decision not to renew its term or any loss that is an indirect or secondary consequence of any act or omission of the party in question.

5.3 Subject to clauses 5.1 and 5.2 above, the total aggregate liability of a party to the other party for the entire term of this agreement, in respect of all other loss or damage arising under or in connection with this agreement, whether in contract, tort (including negligence), breach of statutory duty, or otherwise, shall in no circumstances exceed the total Commission paid or payable in the twelve months immediately prior to the events giving rise to the liability.

6. **COMMENCEMENT, DURATION & TERMINATION**

6.1 This agreement shall commence on the date when it has been signed by all the parties and shall continue, unless terminated earlier in accordance with this clause 6, until either party gives to the other party one month's written notice to terminate.

6.2 Without affecting any other right or remedy available to it, either party may terminate this agreement with immediate effect by giving written notice to the other party if that other party is subject to any insolvency event, winding up order or the appointment of an administrator, administrative receiver.

6.3 Termination of this agreement shall not affect any rights, remedies, obligations or liabilities of the parties that have accrued up to the date of termination.

7. **OTHER TERMS**

7.1 Nothing in this agreement is intended to, or shall be deemed to, establish any partnership or joint venture between any of the parties, constitute any party the agent of another party, or authorise any party to make or enter into any commitments for or on behalf of any other party. Each party confirms it is acting on its own behalf and not for the benefit of any other person.

7.2 This agreement constitutes the entire agreement between the parties and supersedes and extinguishes all previous agreements, promises, assurances, warranties, representations and understandings between them, whether written or oral, relating to its subject matter. Each party agrees that it shall have no remedies in respect of any statement, representation, assurance or warranty (whether made innocently or negligently) that is not set out in this agreement. Each party agrees that it shall have no claim for innocent or negligent misrepresentation or negligent misstatement based on any statement in this agreement.

7.3 No variation of this agreement shall be effective unless it is in writing and signed by the parties (or their authorised representatives).

7.4 This agreement is personal to the parties and neither party shall assign, transfer, mortgage, charge, subcontract, declare a trust over or deal in any other manner with any of its rights and obligations under this agreement.

7.5 No failure or delay by a party to exercise any right or remedy provided under this agreement or by law shall constitute a waiver of that or any other right or remedy, nor shall it prevent or restrict the further exercise of that or any other right or remedy. No single or partial exercise of such right or remedy shall prevent or restrict the further exercise of that or any other right or remedy.

7.6 If any provision or part-provision of this agreement is or becomes invalid, illegal or unenforceable, it shall be deemed deleted, but that shall not affect the validity and enforceability of the rest of this agreement. If any provision or part-provision of this agreement is deemed

4

deleted under this clause 7.6, the parties shall negotiate in good faith to agree a replacement provision that, to the greatest extent possible, achieves the intended commercial result of the original provision.

7.7    No one other than a party to this agreement, their successors and permitted assignees, shall have any right to enforce any of its terms.

7.8    This agreement and any dispute or claim arising out of or in connection with it or its subject matter or formation (including non-contractual disputes or claims) shall be governed by and construed in accordance with the law of England and Wales. Each party irrevocably agrees that the courts of England and Wales shall have exclusive jurisdiction to settle any dispute or claim arising out of or in connection with this agreement or its subject matter or formation (including non-contractual disputes or claims).

This agreement has been entered into on the date stated at the beginning of it.

Signed by a director for and on behalf of **OLSAM GROUP LIMITED**

_____
**Director's Signature**

_____
**Print Name**

Signed by a partner for and on behalf of Knoza Consulting LLC

*Adam Schwartz*

_____
**Partner's Signature**

Adam Schwartz
**Print Name**

5

**Marvin Rannells**

| | |
|---|---|
| **From:** | Adam Schwartz <adam@knoza.com> |
| **Sent:** | Tuesday, November 8, 2022 11:52 AM |
| **To:** | Marvin Rannells |
| **Subject:** | Fwd: RE: Updated Knoza-Olsam Referral Agreement |

*Exhibit 4*

---------- Forwarded message ----------
From: Nish Udayakumar <nish@olsamgroup.com>
Date: Wednesday, April 27 2022 at 7:53 AM EST
Subject: RE: Updated Knoza-Olsam Referral Agreement
To: Adam Schwartz <adam@knoza.com>

Hi Adam,

Would 11am ET work for you instead? If not, no worries – I can make 9.30 work.

Thanks for asking ███████ to reach out to us, they did yesterday evening. I'm surprised that it has been dragging out for so long, do you know why?

On the agreement, yes we will honor the new version. Happy to go through this on our call too.

Best,

Nish

**From:** Adam Schwartz <adam@knoza.com>
**Sent:** 26 April 2022 18:51
**To:** Nish Udayakumar <nish@olsamgroup.com>
**Subject:** RE: Updated Knoza-Olsam Referral Agreement

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

1

Exhibit 5

# INVOICE

## INTRODUCER'S FEE AGREEMENT

An Introducer Fee, as defined in the March 17, 2022 Introducer Fee Agreement ("Agreement"), between Olsam Group Ltd. ("Olsam"), and Knoza Consulting, LLC ("Knoza"), is now due and payable to Knoza Counsulting, LLC as a result of the following:

1. Pursuant to the terms of the Agreement, Knoza introduced Olsam to ███████████, ████████████████ ("Dryfhout") for the purpose of buying the target business, ████████, from Dryfhout.

2. On October 28, 2022, Olsam did acquire the target business, ████████, from Dryfhout.

3. The ████████ business was purchased for total consideration of $15,000,000.00 (Fifteen Million Dollars).

4. Pursuant to the Agreement, Knoza is entitled to a 4 (four) percent introducer's fee based on the total consideration paid for ████████.

5. Pursuant to the Agreement, this invoice is requesting payment of $600,000.00 (Six hundred thousand dollars and no cents) from Olsam to be paid on or before November 29, 2022.

6. Payment may be made directly to Knoza via wire transfer (instructions to be provided).

Thank you for your prompt payment. If you have any questions or concerns, you may contact:

Marvin Rannells, Esquire

mrannells@rannells-law.com

689-249-4460